# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 22-cv-706

CRISTINA SCHMELTZ, an individual,

        Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY d/b/a COLLECTIONCENTER, INC., a Wyoming corporation; and EDMONDS & LOGUE, PC, a Colorado corporation,

        Defendant.

# COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Cristina Schmeltz, an individual consumer (the "**Plaintiff**"), against Credit Bureau of Carbon County d/b/a CollectionCenter, Inc., a Wyoming corporation (the "**Debt Collector**") and Edmonds & Logue, PC, a Colorado corporation (the "**Collection Law Firm**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **PARTIES**

4. Plaintiff is an individual who resides in the City and County of Denver, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Wyoming corporation that collects debts from consumers in the State of Colorado.

7. The Debt Collector has a place of business at 5819 Lockheed Avenue, Loveland, Colorado 80538.

8. The Debt Collector maintains a registered agent of Nicole Aragon, at 5819 Lockheed Avenue, Loveland, Colorado 80538.

9. The Collection Law Firm is a Colorado corporation that collects debts from consumers in the State of Colorado.

10. The Collection Law Firm has a place of business at 723 Montclair Drive, Cheyenne, WY 82009.

11. The Collection Law Firm maintains a registered agent of Jeffrey M. Logue, at 6835 Sherman Street., Loveland, CO 80538.

12. The Debt Collector and Collection Law Firm regularly attempt to collect debts from consumers alleged to be due another.

13. The Debt Collector and Collection Law Firm are engaged in the collection of debts from consumers using the mail and telephone.

14. The Debt Collector and Collection Law Firm are engaged in a business, the principal purpose of which is the collection of debts.

15. The Debt Collector and Collection Law Firm are each a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTS**

16. The Debt Collector and Collection Law Firm are attempting to collect a debt (the "**Balance Bill**") that Plaintiff allegedly owes to the Denver Health and Hospital Authority (the "**Creditor**").

17. The Balance Bill is an obligation that was allegedly incurred primarily for personal, family, or household purposes. To wit, the Debt is a medical bill.

18. The Balance Bill is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

19. Plaintiff disputes that she is liable for the balance of the Balance Bill.

20. Prior to placing the Balance Bill with the Debt Collector, the Creditor sent multiple bills to the Plaintiff.

21. On each bill, the Creditor sought payment of the principal amount of the alleged obligation only and did not seek to collect any interest as provided by the contract allegedly obligating Plaintiff for paying the Balance Bill.

22. All payments that the Creditor received on the Debt were applied to principal only and not interest.

23. Prior to placing the Balance Bill with the Debt Collector, the Creditor placed the Balance Bill with Aargon Collection Agency ("**Aargon**"), a third-party debt collector, for collection purposes.

24. In multiple dunning letters, Aargon sought payment of the principal amount of the alleged obligation only and did not seek to collect interest as provided by the contract allegedly obligating Plaintiff for paying the Balance Bill.

25. At one point, Aargon sought to collect interest, but later, did not seek to collect interest.

26. The Creditor waived interest on the Balance Bill.

27. Aargon, on behalf of the Creditor, waived interest on the Balance Bill.

28.     The Creditor assigned the Balance Bill to the Debt Collector.

29.     On or about March 23, 2021, the Collection Law Firm sent an "initial communication", as that term is used by 15 U.S.C. § 1692g, to Plaintiff (the "**March 23rd Letter**").

30.     In the March 23rd Letter, the Collection Law Firm stated the following:

> Your failure to pay has forced CollectionCenter, Inc. to declare you in default and has authorized this firm to proceed with litigation. If you pay $194307.56 in full, or make and maintain satisfactory arrangements with CollectionCenter, Inc., we will not proceed. However, your continued failure to pay may result in suit being filed against you and if a judgment is rendered against you, we may, by law, seize any non-exempt assets.
>
> Our firm will not proceed with litigation against you until the expiration of the validation period explained on the back of this notice, or validation has been provided, which ever is later.

31.     The March 23rd Letter misrepresented that the Debt Collector authorized suit against Plaintiff.

32.     Only the Creditor may authorize suit against Plaintiff.

33.     On information and belief, the Creditor has not authorized suit against Plaintiff.

34.     The March 23rd Letter misrepresented that the Collection Law Firm, acting on behalf of the Debt Collector, would sue Plaintiff.

35.     The Debt Collector did not intend to sue Plaintiff.

36.     On information and belief, the Debt Collector was not authorized to sue Plaintiff.

37.     In the March 23rd Letter, the Collection Law Firm, on behalf of the Debt Collector and Creditor, sought payment on the Balance Bill, including interest.

38.     At the time the Collection Law Firm, acting on behalf of the Debt Collector and Creditor, sought the payment of interest on the Balance Bill, the Creditor had waived the payment of interest on the Balance Bill.

39.     The March 23rd Letter implied that the Collection Law Firm, acting on behalf of the Debt Collector, would obtain a judgment against the Plaintiff including pre-judgment interest.

40.     The Collection Law Firm, acting on behalf of the Debt Collector, could not obtain a judgment against the Plaintiff for pre-judgment interest.

41.     The March 23rd Letter was the "initial communication" that Plaintiff received from the Debt Collector.

42.     On information and belief, the Debt Collector was aware that prior communications prior to the Debt Collector were not received by Plaintiff.

43.     Within the thirty days following receipt of the March 23rd Letter, Plaintiff disputed the Balance Bill with the Collection Law Firm.

44.     Prior to the Debt Collector and/or the Collection Law Firm providing validation of the Balance Bill, as the term is used by 15 U.S.C. § 1692g, the Debt Collector reported the Balance Bill to one or more consumer reporting agencies.

45.     Reporting the Debt to one or more consumer reporting agencies is an action to collect the Balance Bill.

46.     As a result of the Debt Collector and Collection Law Firm's violations of the FDCPA, Plaintiff has suffered emotional distress including, but not limited to, fear, anxiety, and stress.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692e—Use of False, Deceptive or Misleading Means)
### (Against the Debt Collector and Collection Law Firm)

47.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

48. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

49. At all times material hereto, the Balance Bill the Debt Collector and Collection Law Firm were attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

50. At all times material hereto, the Debt Collector and the Collection Law Firm were acting in concert with one another and as agents of one another for purposes of attempting to collect from the Plaintiff on the Balance Bill.

51. At all times material hereto, the Debt Collector and the Collection Law Firm were a "debt collectors", as that term is defined under 15 U.S.C. § 1692a(6).

52. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. These prohibitions include, but are not limited to, making a "false representation of . . . the character, amount or legal status of any debt"; the "threat to take any action that cannot legally be taken or that is not intended to be taken"; and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2)(A), (5), and (10),

53. The Debt Collector and the Collection Law Firm violated 15 U.S.C. § 1692e, including 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

54. The foregoing acts of the Debt Collector and the Collection law Firm constitute violations of the FDCPA.

55. Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial.

## COUNT II
### (Violations of the FDCPA, 15 U.S.C. § 1692g(b)—Attempting to Collect an Unvalidated Debt *et seq.*)
### (Against the Debt Collector and the Collection Law Firm)

56. Plaintiff incorporates by reference the allegations of paragraphs [1-45] as though fully set forth herein.

57. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

58. At all times material hereto, the Debt Collector and the Collection Law Firm were acting in concert with one another and as agents of one another for purposes of attempting to collect from the Plaintiff on the Balance Bill.

59. At all times material hereto, the Balance Bill the Debt Collector and the Collection Law Firm were attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

60. At all times material hereto, the Debt Collector and the Collection Law Firm were "debt collectors", as that term is defined under 15 U.S.C. § 1692a(6).

61. The FDCPA prohibits a debt collector from taking any action to collect a debt upon receipt of a dispute during the validation period provided by 15 U.S.C. § 1692g(b).

62. The Debt Collector and the Collection Law Firm violated 15 U.S.C. § 1692g(b).

63. The foregoing acts of the Debt Collector and the Collection Law Firm constitute a violation of the FDCPA.

64. Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cristina Schmeltz prays for relief and judgment against Credit Bureau of Carbon County d/b/a CollectionCenter, Inc., and Edmonds & Logue, PC, jointly and severally, as follows:

1. Awarding Plaintiff actual damages in an amount to be proven at trial;

2. Awarding Plaintiff statutory damages against each defendant, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

3. Awarding Plaintiff her reasonable attorney fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 22, 2022

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com